PER CURIAM.
Appellant, State Farm Mutual Automobile Insurance Company (“State Farm”), appeals an Order Granting Relief From Satisfaction of Judgment and Final Judgment entered against it on October 12, 1990. We affirm.
In response to State Farm’s motion to limit judgment, the trial court reduced a jury award in favor of the appellees, Veronica and Henry LaForet, from $400,000 to $200,000, exclusive of costs, based upon the available limits of insurance afforded them. Prior to the date of the trial court’s entry of final judgment, appellees’ attorney wrote to appellant’s counsel on October 31, 1989, and requested that only a partial satisfaction of judgment be executed in order that the insured might pursue a bad faith claim against State Farm. In pertinent part, the letter reads:
In view of the fact that $200,000.00 of the Final Judgment is uncontested, it is proposed that we execute a partial satisfaction of the $200,000.00 in order for State Farm to mitigate its damages and avoid the post-judgment interest of 12% which accrues from date of judgment. For your information, this interest amounts to $66.66 per day. This proposal is made only with regard to that portion of the final judgment award which is not contested. A partial satisfaction of release would be executed to the extent of the uncontested amount only, and would not constitute a waiver of the remaining portion of the award which is still claimed by my clients.
Without a hint of disagreement in regards to appellees’ proposal, State Farm’s attorney mailed back a Satisfaction of Judgment for signature. In the apparent belief that the Satisfaction of Judgment was in accord with his October 31, 1988 letter, appellees’ counsel had the document executed, only later to find, much to his dismay, that the document forwarded him by State Farm failed to preserve his *480 clients’ right to pursue the remaining portion of the award against State Farm.
Given these facts, it seems likely that in more genteel times, before the pervasive “win at any cost” philosophy became ingrained in certain members of the bar, an amended Satisfaction of Judgment would likely have been shamefacedly stipulated to by State Farm’s attorney without necessity of further court action. Instead, State Farm, having successfully duped appellees into signing a document altogether different from that reasonably anticipated to have been sent, seeks to capitalize on ap-pellees’ inadvertence and misplaced trust. Appellees’ mistake was to rely in good faith upon the tacit agreement with opposing counsel that State Farm would forward a Satisfaction of Final Judgment which was true to the terms previously outlined.
Fortunately, the trial judge recognized the applicability of Rule 1.540 to grant relief in circumstances such as this. So do we. Affirmed. Dixie Ins. Co. v. Federick, 449 So.2d 972 (Fla. 5th DCA 1984).
GLICKSTEIN, C.J., ANSTEAD, J., and OFTEDAL, RICHARD L., Associate Judge, concur.